IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                               No. CIV 16-0595 JB/CG
                                                                                 No. CR 10-0986 JB

CHEBON JOE WILSON,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under rule 4(b) of the Rules Governing Section 2255 Proceedings, on: (i) the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on June 16, 2016 (CIV Doc. 1; CR Doc. 51)("Motion"); and (ii) on the Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed November 28, 2016 (CIV Doc. 6; CR Doc. 55)("Amended Motion"). Defendant/Movant Chebon Wilson seeks to vacate and correct his sentence: (i) under Johnson v. United States, 135 S. Ct. 2551 (2015)("Johnson"); and (ii) because of an alleged misunderstanding of his plea agreement. The Court determines that Wilson is not eligible for relief under Johnson and that his plea-agreement claim is time-barred. The Court accordingly will dismiss the Motion and the Amended Motion.

## FACTUAL AND LEGAL BACKGROUND

On March 25, 2010, Wilson was charged with unlawfully engaging in sexual acts with two children, ages 6 and 8, on the Navajo Indian Reservation. See Criminal Complaint at 1, filed March 25, 2010 (CR Doc. 1)("Complaint"). A Grand Jury subsequently indicted Wilson on two counts of aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 1153, 2241(c), and

2246(2)(C). See Indictment at 1-2, filed April 14, 2010 (CR Doc. 15). A subsequent Information charged him with abusive sexual contact in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3). See Information at 1, filed August 2, 2010 (CR Doc. 32)("Information"). On August 2, 2010, Wilson entered into a plea agreement under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure in which he pled guilty to the Information's abusive sexual contact -- 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3). See Plea Agreement ¶ 3, at 2, filed August 2, 2010 (CR Doc. 35)("Plea Agreement"). Wilson stipulated to a 10 to 12 year sentence range (120 months to 144 months). See Plea Agreement § 10.a, at 4. Although Wilson's guidelines imprisonment range was 262 to 327 months, the Court accepted the Plea Agreement and sentenced Wilson to 142 months imprisonment. See Judgment in a Criminal Case at 2, filed January 27, 2011 (CR Doc. 48)("Judgment"). In sentencing Wilson, the Court stated:

> The Court has considered the specific sentencing range that the parties agreed to in the plea agreement and has compared it to the sentencing range set forth in the guidelines. After careful consideration, the Court has decided that a realistic sentence is something in the ten-year range. A ten-year sentence is still less than half the mandatory minimum sentence Wilson would have faced had he gone to trial. See 18 U.S.C. § 2241(c) . . . A ten-year sentence is needed to reflect the harm that Wilson inflicted on two young girls. Because Wilson may receive good time and credit for the Bureau of Prison's 500-hour drug and alcohol treatment program, for Wilson to really serve a ten-year sentence, something close to a twelve-year sentence is necessary. If the Court gives Wilson a ten-year sentence, he may serve only eight and a half years, which the Court believes is too low. The Court therefore believes that it should sentence Wilson to a sentence at the upper end of the sentencing range to which the parties agreed, which would realistically get Wilson to a ten-year sentence. The Court believes that a sentence of 142 months reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

Judgment at 2. Consistent with his Plea Agreement, Wilson did not file a direct appeal, see Plea ¶ 14, at 6-7, and his sentence became final in 2011, see Judgment at 1-7.

On June 16, 2016, Wilson submitted a pro se letter motion inquiring about his eligibility for relief under Johnson and Welch v. United States, 136 S. Ct. 1257 (2016) ("Welch"). See Motion at 1. Following the Court's Order, see Order at 1-2, filed September 6, 2016 (CIV Doc. 5), Wilson filed the Amended Motion. In his Amended Motion, Wilson added a claim that he was sentenced to a longer term than he agreed to in his Plea Agreement. See Amended Motion at 5. In addition, the Amended Motion again requested relief based on Johnson and Welch. Amended Motion at 13.

## LAW REGARDING JOHNSON V. UNITED STATES AND SECTION 2255 COLLATERAL REVIEW

Section 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A one-year statute of limitations governs collateral review of convictions and sentences. See 28 U.S.C. § 2225(f). That statute of limitations

> shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2225(f). An untimely direct appeal or a motion to reduce sentence will not alter or toll 28 U.S.C. § 2255(f)'s one-year limitation period. See United States v. Terrones-Lopez, 447 F. App'x 882, 884-85 (10th Cir. 2011)(unpublished).[1]

Because Wilson seeks collateral review more than a year after his sentence became final, his motion is timely only if he relies on the right the Supreme Court recognized in Johnson and made retroactively applicable to cases on collateral review in Welch. See 28 U.S.C. § 2255(f)(3). In Johnson, the Supreme Court of the United States of America held that the Armed Career Criminal Act ("ACCA")'s residual clause, 18 U.S.C. § 924(e)(2)(B), is impermissibly vague, so imposing an increased sentence under that clause violates the Constitution's due process guarantee. See 135 S. Ct. at 2562-63. The predicate crime for an enhanced sentence under § 924(e) is transportation or possession of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year. See 18 U.S.C. § 922(g). Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924 (e)(2)(B). The ACCA defines a "violent felony" as:

---

[1] United States v. Terrones-Lopez is an unpublished Tenth Circuit opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Terrones-Lopez and United States v. Kutilek have persuasive value with respect to a material issue, and will assist the Court in its preparation of this Memorandum Opinion and Order.

> any crime punishable by imprisonment for a term exceeding one year . . . that --
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves the use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The <u>Johnson</u> Court struck down the underlined language above from § 924(e)(2)(B)(ii) as unconstitutionally vague. <u>See</u> 135 S. Ct. at 2555-63. Section 924(e)(2)(B)(i)'s language, which defines "violent felony" to mean a crime that "has as an element the use, attempted use, or threatened use of physical force," is commonly referred to as the "elements" clause. <u>United States v. Harris</u>, 844 F.3d 1260, 1262 (10th Cir. 2017). The "enumerated-offenses" clause is § 924(e)(2)(B)(ii)'s language that lists the crimes of burglary, arson, extortion, or the use of explosives as violent felonies. <u>United States v. Harris</u>, 844 F.3d at 1262. The Supreme Court expressly stated that its residual clause holding in <u>Johnson</u> does not call into question the ACCA's application to the four enumerated offenses or the remainder of § 924(e)(2)(B)'s definition of a violent felony. <u>Johnson</u>, 135 S. Ct. at 2563. <u>Johnson</u>, therefore, has no application to sentences enhanced under § 924(e)(2)(B)(i)'s elements clause or § 924(e)(2)(B)(ii)'s enumerated-offenses clause.

## **ANALYSIS**

Wilson was not sentenced under the ACCA or the ACCA's residual clause. Accordingly, Wilson is not entitled to relief under <u>Johnson</u>. 28 U.S.C. § 2255's one-year statute of limitations bars Wilson's collateral attack of his sentence premised on his claim that he did not understand his sentence would be for 142 months. The Court will therefore dismiss the Motion and the Amended Motion and it will also deny the Certificate of Appealability.

## I. WILSON IS NOT ELIGIBLE FOR RELIEF UNDER JOHNSON.

Wilson was charged under 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(C) and convicted of Abusive Sexual Contact, Crime in Indian Country, in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3). See Complaint at 1; Judgment at 1-7. Section 1153 provides:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely . . . felony child abuse . . . shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. § 1153(a). Section 2244(a) states:

> Whoever . . . knowingly engages in or causes sexual contact with or by another person, if so to do would violate --
>
> . . .
>
> (5) subsection (c) of section 2241 of this title had the sexual contact been a sexual act, shall be fined under this title and imprisoned for any term of years or for life.

18 U.S.C. § 2244(a). Section 2241(c) specifies that "[w]hoever . . . in the special maritime or territorial jurisdiction of the United States . . . knowingly engages in a sexual act with another person who has not attained the age of 12 years . . . or attempts to do so, shall be . . . imprisoned for not less than 30 years or for life." 18 U.S.C. § 2241(c).

The predicate crime for an enhanced sentence under the ACCA, § 924(e), is transportation or possession of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year. See 18 U.S.C. § 922(g). Wilson was not sentenced under the ACCA, and his sentence was not enhanced under § 924(e)'s residual clause. Instead, his sentence was imposed under 18 U.S.C. §§ 1153, 2244(a), and 2246(3). See Judgment at 1. Johnson accordingly has no application to Wilson's sentence and he is not eligible for relief under Johnson.

**II.   THE STATUTE OF LIMITATIONS BARS WILSON'S PLEA-AGREEMENT CLAIM.**

In his Amended Motion, Wilson also contends that he did not entirely understand what was going on at sentencing and the 142-month sentence was longer than the ten-year sentence to which he thought he had agreed in the Plea Agreement. See Amended Motion at 4-5. Wilson was sentenced in January, 2011, and he did not directly appeal the conviction or sentence. See Judgment at 1-7. Wilson's judgment of conviction became final in January, 2011. See Judgment at 1-7; Clay v. United States, 537 U.S. 522, 524 (2003).

The statute of limitations for Wilson to seek collateral review under § 2255 expired one year after his conviction and sentence became final unless Wilson establishes a different accrual date under 28 U.S.C. § 2255(f)(2)-(4). Other than relying on Johnson, which affords Wilson no relief, Wilson offers no other basis for the Court to conclude that the statute of limitations began running from a date later than January 2011. See 28 U.S.C. § 2255(f)(2)-(4); Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000). The statute of limitations for Wilson's claim expired five years before he filed his § 2255 motion, so his claim is time barred.[2] The Court therefore

---

[2]Wilson also waived collateral review in his Plea Agreement other than on the issue of ineffective assistance of counsel. See Plea ¶ 14, at 6-7. Waiver of collateral review is enforceable when: (i) the appeal falls within the waiver's scope; (ii) the waiver was voluntarily and knowingly made; and (iii) enforcing the waiver would not be a miscarriage of justice. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004)(en banc). The Court concludes that Wilson waived this collateral attack, because: (i) the waiver encompasses all collateral attacks pursuant to 28 U.S.C. § 2255, see Plea ¶ 14, at 6-7, which includes a statute-of-limitation attack under § 2255(f); (ii) the waiver was knowing and voluntary, because "the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," United States v. Kutilek, 260 F. App'x 139, 144 (10th Cir. 2008), see Plea ¶¶ 14, 17, at 6-7, and because the Plea colloquy's record indicates that Wilson fully understood the Plea Agreement's terms, see Plea Minute Sheet at 1, filed August 2, 2010 (CR Doc. 36); and (iii) enforcing the waiver would not produce a miscarriage of justice, because (a) the Court did not rely on race when coming to its determination; (b) there is no evidence that Wilson had ineffective assistance of counsel when negotiating the plea deal; (c) the 142-month sentence does not exceed the

concludes that 28 U.S.C. § 2255(f)(1)'s one-year statute of limitations bars Wilson's request for relief on the ground that the sentence imposed is longer than his understanding of the agreed sentence.

### III. THE COURT WILL DENY A CERTIFICATE OF APPEALABILITY.

The Court will dismiss the Motion and the Amended Motion, pursuant to rule 4 of the Rules Governing Section 2255 Proceedings, Wilson's Motion and Amended Motion. Under rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the movant. The court may issue a certificate of appealability only if the movant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Court determines, sua sponte under rule 11(a) of the Rules Governing Section 2255 Cases, that Wilson has failed to make a substantial showing that he has been denied a constitutional right. The Court will, therefore, deny a certificate of appealability.

**IT IS ORDERED** that: (i) the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on June 16, 2016 (CIV Doc. 1; CR Doc. 51) and the Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on November 28, 2016 (CIV Doc. 6; CR Doc. 55), are dismissed with prejudice under rule 4(b) of the Rules Governing Section 2255 Proceedings; and (ii) a Certificate of Appealability is denied under rule 11(a) of the Rules Governing Section 2255 Proceedings.

---

statutory maximum of life imprisonment; and (d) the waiver is not otherwise unlawful. See United States v. Hahn, 359 F.3d at 1327.

_____<br>UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Chebon J. Wilson
United States Penitentiary, Marion
Marion, Illinois

    *Movant/Defendant pro se*

James D. Tierney
   Acting United States Attorney
Shana B. Long
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Respondent/Plaintiff*